**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **MICHELLE FARMER,** | : | |
| | : | **Civil Action Number:** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Jury Trial Demanded** |
| | : | |
| **THE MELTING POT, LLC,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**COMPLAINT**

Plaintiff Michelle Farmer ("Ms. Farmer"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant The Melting Pot, LLC ("Defendant") and shows the Court as follows:

**INTRODUCTION**

1.

Ms. Farmer brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") (1) to recover due but unpaid minimum wages and an additional like amount as liquidated damages; (2) to recover due but unpaid overtime compensation and an additional like amount as liquidated damages; and (3) and to be reimbursed her costs of litigation, including her reasonable attorneys' fees.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

Ms. Farmer resides in Gwinnett County, Georgia.

5.

Defendant has employed Ms. Farmer as a server in and around Duluth, Georgia from August 2009 until the present date.

6.

At all times material hereto, Ms. Farmer has been an "employee" of Defendant as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about August 2011 until August 2014, Ms. Farmer has been "engaged in commerce" as an employee of Defendant as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Defendant is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Defendant has been an "employer" of Ms. Farmer as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about August 2011 until present, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2011, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2012, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2013, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2014, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2014, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2011, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2014, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

24.

Defendant is subject to the personal jurisdiction of this Court.

25.

Defendant may be served with process through its registered agent Carolyn H. Barnes at 809 Georgia Hwy 56 East, Uvalda, Georgia 30473.

26.

At all times material hereto, Defendant did not employ Ms. Farmer in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

27.

At all times material hereto, Defendant did not employ Ms. Farmer in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, Defendant did not employ Ms. Farmer in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

29.

At all times material hereto, Defendant did not employ Ms. Farmer in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

30.

At all times material hereto, Ms. Farmer was not exempt from the minimum wage requirements of the FLSA by reason of any exemption

31.

At all times material hereto, Ms. Famer was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

32.

At all times material hereto, Defendant paid Ms. Farmer $2.13 per hour as a tipped employee.

33.

Until recently, Defendant required Ms. Farmer to pay between one and three percent of her tips to Defendant.

34.

The tips deducted were for the benefit of the Defendant and not for the benefit of those persons with customer contact who customarily participate in a tip sharing pool.

35.

Defendant violated the applicable tip pooling deductions allowed by law by making these deductions from Ms. Farmer's tips.

36.

Defendant is therefore liable to Ms. Farmer or the minimum wage required by the FLSA for those hours in which Defendant violated the applicable tip pooling regulations.

37.

Defendant required Ms. Farmer and all other servers to perform duties not related to customer service including cleaning parties, tasting parties and employee meetings.

38.

Defendant compensated Ms. Farmer $2.13 per hour for these hours not related to customer service in violation of the minimum wage required by the FLSA.

**COUNT I — FAILURE TO PAY MINIMUM WAGE**

39.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

40.

At all times material hereto, Ms. Farmer has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

41.

As set out above, from on or about August 2011 through approximately March of 2014, Defendant failed to compensate Ms. Farmer at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

42.

As set out above, from on or about August 2011 through approximately March of 2014, Defendant willfully failed to compensate Ms. Farmer at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

43.

Ms. Farmer is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

44.

As a result of the underpayment of minimum wages as alleged above, Ms. Farmer is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

As a result of the underpayment of minimum wages, Defendant is liable to Ms. Farmer for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME

46.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

47.

At all times material hereto, Ms. Farmer has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

48.

As set out above, at various times during her employment with Defendant, Ms. Farmer worked in excess of forty (40) hours without being paid an overtime premium.

49.

Ms. Farmer is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

50.

As a result of the underpayment of overtime compensation as alleged above, Ms. Farmer is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

As a result of the underpayment of overtime compensation as alleged above, Ms. Farmer is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Ms. Farmer respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid minimum wage from on or about August 2011 through August 2014 due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendant; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/S/CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

CHARLES R. BRIDGERS
GA. BAR NO. 080791

/S/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF